UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| DAVID SWANSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:23-cv-00247 |
| | : | |
| SALVIN DENTAL SPECIALTIES, INC., | : | |
| Defendant. | : | |

_____

**O P I N I O N**

**Motion to Dismiss, ECF No. 6 – Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                                **April 26, 2023**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff David Swanson initiated this action against Defendant Salvin Dental Specialties, Inc. ("Salvin Dental") for age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA") and gender discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").  Defendant has moved to dismiss the Title VII claims for failure to state a claim.  For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part.

## II.      BACKGROUND

The following facts are alleged in Swanson's Complaint.  Swanson, a sixty-two-year-old man, worked as a sales manager for Salvin Dental, a dental equipment manufacturer, for approximately two years, from December 2019 to January 2022.  Compl., ECF No. 1, ¶¶ 5-7, 9, 21.  During his time working for Salvin Dental, Swanson successfully managed his sales team

and received positive feedback on his budget and sales performance, as well as an award and bonus from the company on different occasions. Compl. ¶¶ 15-19.  However, on January 12, 2022, just days after being awarded a substantial raise, Swanson was abruptly fired.  *See* Compl. ¶¶ 19, 21-22.  The following day, Swanson's position was filled by a woman who was approximately 35 years old.  Compl. ¶ 24.

Salvin Dental provided Swanson with "varying" reasons to justify his termination, including that he was no longer "a good fit."  Compl. ¶¶ 22-23.  Swanson believed that his termination was part of a "pattern" of Salvin Dental firing older individuals due to their age and replacing them with younger employees.  Compl. ¶ 27.  Swanson's belief was fueled in part by age-related comments made to him while employed at Salvin Dental.  *See* Compl. ¶¶ 26-27. Specifically, Mr. Salvin called Swanson a "dinosaur" on several occasions.  *See* Compl. ¶ 26.

Swanson's employment agreement with Salvin Dental contained various restrictive covenants, including a non-competition covenant, which would limit Swanson's employment activities following the termination of the agreement.  *See* Compl. ¶ 28.  After Swanson's employment was terminated, Salvin Dental "expressed a willingness" to waive these restrictive covenants.  *Id.*  However, sometime after Swanson relayed to Defendant his intention to file discrimination charges with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), Salvin Dental "refused to release" Swanson from the non-competition covenant, even though Salvin Dental apparently waived this restriction for other employees who did not threaten to file discrimination charges.  *See* Compl. ¶¶ 29-31. Because of this restriction, Swanson's subsequent employment prospects were limited. *See* Compl. ¶ 1.

On January 20, 2023, Swanson filed a Complaint in this Court, alleging age discrimination, gender discrimination, and two counts of retaliation, in violation of the ADEA and Title VII.  *See* Compl., ECF No. 1. On March 24, 2023, Salvin Dental filed a Motion to Dismiss, seeking to dismiss two counts of the Complaint.  *See* Mot., ECF No. 6.  Specifically, Salvin Dental argues that Swanson has failed to state a claim for gender discrimination (Count III) and retaliation (Count IV) under Title VII.  *See* Mot. at 2.  Salvin Dental does not seek dismissal of the ADEA claims.  Swanson filed a response in opposition.  *See* Resp., ECF No. 9.

### III.    STANDARD OF REVIEW – Rule 12(b)(6) Motion to Dismiss - Review of Applicable Law

In rendering a decision on a Rule 12(b)(6) motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.     ANALYSIS

Salvin Dental moves to dismiss Counts III and IV of the Complaint for failure to state a claim.  In Count III, Swanson brings a gender discrimination claim under Title VII, alleging that his gender was a motivating factor in Salvin Dental's decision to terminate his employment.  Compl. ¶¶ 43-48.  In Count VI, Swanson brings a retaliation claim, alleging that "Defendant's enforcement of restrictive covenant and non-competition obligations against Plaintiff was retaliation for his having complained of gender discrimination and stated intention to file an administrative charge alleging the same."  Compl. ¶¶ 49-52.  The Court addresses each count in turn, ultimately granting Salvin Dental's Motion as to Count III and denying the Motion as to Count IV.

### A.  Gender Discrimination – Count III of the Complaint

"Title VII prohibits employers from discriminating against individuals on the basis of gender."  *Kahan v. Slippery Rock Univ. of Pa.*, 664 Fed. Appx. 170, 173 (3d Cir. 2016).  Where direct of evidence of discrimination is not available, a plaintiff may prove gender discrimination using the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).  Ordinarily, to establish a prima facie case using this framework, a plaintiff-employee needs to demonstrate that: "(1) he is a member of a protected class; (2) he was qualified for a position sought or held; (3) he was discharged from or denied the position; and (4) non-members of the protected class were treated more favorably."  *See Chiaradonna v. Rosemont College*, No. 06-cv-1015, 2008 U.S. Dist. LEXIS 7476, at *7-8 (E.D. Pa. Jan. 31, 2008) (citing *McDonnell*, 411 U.S. at 802).

However, for "claims of reverse discrimination – where a plaintiff cannot demonstrate membership in a protected minority" such as the case at issue here, "the plaintiff must instead

address the first [element of the *McDonnell Douglas* framework] by presenting sufficient evidence 'to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII.'" *Bond v. City of Bethlehem*, 505 Fed. Appx. 163, 166 (3d Cir. 2012) (quoting *Iadimarco v. Runyon,* 190 F.3d 151, 161 (3d Cir. 1999)). *See Iadimarco*, 190 F.3d at 160 ("[T]he central focus of the inquiry is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." (cleaned up)). "Demonstrating only a mere possibility of discrimination will not suffice." *Hawthorne v. Mercer Cnty. Children & Youth Servs.*, No. 05-1635, 2007 U.S. Dist. LEXIS 57150, at *29 (W.D. Pa. Aug. 6, 2007) (internal marks and citation omitted).

Here, Swanson has failed to allege sufficient facts of discrimination to allow the Court to conclude that Salvin Dental treated him less favorably than others based upon his gender.  While Swanson is not required to prove the elements of a prima facie case at this stage, he must, at the very least, allege facts which raise a reasonable expectation that discovery will reveal evidence of the necessary elements of his claim.  *See Prince v. Trumark Fin. Credit Union*, No. 22-3097, 2022 U.S. Dist. LEXIS 189670, at *7 (E.D. Pa. Oct. 18, 2022).  However, Swanson simply fails to allege any facts that suggest a causal connection between his termination and his gender.  In the Complaint, Swanson's only pertinent allegations regarding his gender are that (1) after Swanson's termination on January 12, 2022, he "was replaced on January 13, 2022, by . . . an approximately 35-year-old woman," and (2) that Swanson's "gender was a motivating favor in Defendant's decision to terminate him."  *See* Compl. ¶¶ 24, 45.  The fact that Swanson's replacement was a woman does not, on its own, suggest gender bias.  The Court need not accept as true Swanson's bare, conclusory assertion that gender bias motivated Salvin Dental's decision

to terminate his employment.  Therefore, Swanson has failed to allege facts that would allow a fact finder to reasonably infer gender discrimination in this case.

Swanson argues that he has alleged sufficient facts to establish a prima facie case of gender discrimination, thereby exceeding his burden to state a claim, because showing that he was replaced by someone outside of his "protected class" (i.e. replacement by a woman) is sufficient to give rise to an inference of discrimination.  *See* Resp. at 4.  To support his argument, Swanson cites to cases holding that plaintiffs demonstrated an inference of discrimination by showing that they were replaced by someone outside of their protected class.  *See* Resp. at 4-5. *See, e.g.*, *Grassmyer v. Shred-It USA, Inc*., 392 Fed. Appx. 18, 27 (3d Cir. 2010) (holding that a prima facie case was established where plaintiffs, who were qualified female sales representatives, were both discharged and replaced by men).  However, Swanson, who does not belong to a recognized minority group, does not cite to any "reverse discrimination" case in support of his argument.

In "reverse discrimination" cases, such as the one alleged here, "simple replacement by a person outside of the protected class does not by itself satisfy [the final element] of the *McDonnell Douglas* analysis."  *Dixon v. Summit BHC Westfield LLC*, No. 4:19-cv-01267, 2020 U.S. Dist. LEXIS 133930, at *5 (M.D. Pa. July 29, 2020).  *See, e.g., Paich v. Nike, Inc*., No. 06-1442, 2008 U.S. Dist. LEXIS 20339, at *21 (W.D. Pa. March 12, 2008) ("Plaintiff argues that he has met his burden of establishing a prima facie case of reverse discrimination because he was discharged and subsequently replaced by a woman.  This is incorrect as a matter of law." (internal citations omitted)); *Bradley v. Aria Health*, No. 10-5633, 2011 U.S. Dist. LEXIS 63386, at *6 (E.D. Pa. June 15, 2011) (rejecting plaintiff's argument that an inference of gender discrimination could be established by his conclusory statement that the defendant "hired a 'less

qualified female' in his place"). *See also Prince*, 2022 U.S. Dist. LEXIS 189670, at *10 ("We are mindful judges dismiss claims for reverse [race] discrimination under Title VII when there are no factual allegations connecting the employee's termination to his race and when the amended complaint is also devoid of allegations that similarly situated non-members of his protected class . . . were treated more favorably." (cleaned up)). As explained by the Third Circuit in *Iadimarco*, plaintiffs alleging "reverse discrimination" are not subject to heightened standards (such as the "background circumstances" inquiry adopted in other jurisdictions), but nor are they alleviated of their burden to "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." *See Iadimarco*, 190 F.3d at 160-61. Swanson has not met that burden here, and his argument that replacement by a female creates a prima facie case of gender discrimination is rejected.

Even reading the Complaint in the most favorable light to Swanson, the facts alleged do not state a plausible gender discrimination claim. Consequently, the Court grants Salvin Dental's Motion to Dismiss, in part, as to Count III.

## B. Retaliation under Title VII – Count IV of the Complaint

Federal law prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes or because the employee made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015). To establish a prima facie case of retaliation, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected

activity and the employer's adverse action.  *See id.*; *Selvato v. SEPTA*, 658 Fed. Appx. 52, 56 (3d Cir. 2016) (internal quotations omitted). "With respect to 'protected activity,' the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006). "Whether the employee opposes, or participates in a proceeding against, the employer's activity, the employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." *Id.*  In the retaliation context, "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006).

Here, Swanson has stated a retaliation claim under Title VII.  Swanson alleges that after experiencing what he believed to be gender discrimination, he notified Salvin Dental that he would be filing administrative charges with the EEOC, a protected activity.  *See EEOC v. L.B. Foster Co.*, 123 F.3d 746, 754 (3d Cir. 1997) ("[Employee] was engaged in protected activity when she informed [Employer] that she intended to file a sex discrimination charge.").  Prior to this notification, Salvin Dental had expressed a willingness to waive restrictive covenants of Swanson's employment agreement.  However, after Swanson expressed his intention to file discrimination charges, Salvin Dental refused to release Swanson from the non-competition covenant of his employment agreement, even though Salvin Dental apparently waived this restriction for other employees who did not threaten to file discrimination charges.  Therefore, Swanson has sufficiently alleged facts that Salvin Dental engaged in an adverse employment action following or contemporaneous with his protected activity, and that but for Swanson's

decision to file administrative charges, Salvin Dental would not have enforced the restrictive covenants against him.

Salvin Dental argues that the retaliation claim under Title VII should be dismissed because of Swanson's failure to state a plausible gender discrimination claim. *See* Mot. at 5. However, these are separate causes of action, and a plaintiff is not required to state or prove a substantive gender discrimination claim in order to bring a retaliation claim under Title VII. *See Moore*, 461 F.3d at 341 (3d Cir. 2006) (acknowledging that "the discrimination and retaliation provisions [of Title VII] are not coterminous" (internal marks and citation omitted)).

Therefore, reading the Complaint in the most favorable light to Swanson, the facts alleged state a plausible retaliation claim, and Salvin Dental's Motion to Dismiss is denied, in part, as to Count IV.

## C. Amendment

Although Swanson has failed to plead sufficient facts to support his claim of gender discrimination (Count III), the Court cannot conclude at this time that he is entirely incapable of doing so. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court should allow amendment of a complaint unless doing so would be inequitable or futile). Accordingly, Count III is dismissed without prejudice to Swanson's right to file an amended complaint alleging facts to support his claim that he was terminated based on gender animus.

**V.      CONCLUSION**

For the foregoing reasons, Salvin Dental's Motion to Dismiss is granted in part and denied in part.  Count III of the Complaint is dismissed without prejudice for failure to state a claim.  A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge