UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID SWANSON,                                 :
    Plaintiff,                                 :
                                          :

    v.                                         :        No. 5:23-cv-00247
                                           :

SALVIN DENTAL SPECIALTIES, INC.,               :
    Defendant.                                 :

**O P I N I O N**

**Motion to Dismiss, ECF No. 13 – Denied**

**Joseph F. Leeson, Jr.**                                        **July 6, 2023**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff David Swanson filed an Amended Complaint against Defendant Salvin Dental

Specialties, Inc. ("Salvin Dental") for age discrimination and retaliation in violation of the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), gender discrimination

and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et*

*seq.* ("Title VII"), and gender and age discrimination in violation of the Pennsylvania Human

Relations Act, 43 P.S. § 955 *et seq.* ("PHRA").  Salvin Dental has moved to dismiss Counts III

and V of Swanson's Amended Complaint for failure to state a claim for gender discrimination

under Title VII or the PHRA.  For the reasons set forth below, the Motion to Dismiss is denied.

## II.    BACKGROUND

The following facts are alleged in Swanson's Amended Complaint.  Swanson, a sixty-

two-year-old man, was hired by Salvin Dental as Northeast Regional Sales Manager on or about

December 9, 2019.  Am. Compl. ¶ 9, ECF No. 12.  In this role, Swanson worked and traveled

throughout the region under his management.  *Id.* at ¶ 10.  During his two years of employment with Salvin Dental, Swanson successfully managed his sales team, receiving accolades and recognition for sales growth and personal performance.  *Id.* at ¶¶ 10-20.  However, Swanson was abruptly fired on January 12, 2022.  *Id.* at ¶ 21.  At the time of termination, Swanson was told he was not "a good fit," and since then, Salvin Dental has provided varying justifications for firing Swanson.  *Id.* at ¶¶ 22-23.  Swanson was replaced the day after his termination by Kelly Pignataro, a 35-year-old woman.  *Id.* at ¶ 24.  Pignataro did not have previous management experience, had previous performance issues, and had an inferior sales record.  *Id.* at ¶¶ 25-26.

Swanson alleges that his firing was a "part of a pattern of favoritism towards female employees over male employees by the Defendant generally and by Plaintiff's supervisor National Sales Manager, Kevin Fox, in particular."  *Id.* at ¶ 28.  Fox exhibited favoritism during the selection process for the 2020 Rookie Achievement Award recipient.  *Id.* at ¶ 29.  The award is traditionally given to the highest performing Sales Representative and can only be given once during the first year of employment.  *Id.* at ¶¶ 30-31.  A male Sales Representative had the top sale performance for the year 2020; yet, Fox "refused to accept [Swanson's] assertion that the male Sales Representative was entitled to the award" and "repeatedly insisted the female Sales Representative be given the award, despite her comparatively weaker sales performance."  *Id.* at ¶¶ 33-35.  Most of Swanson Dental's management voted for the higher-performing male Sales Representative to receive the 2020 award.  *Id.* at ¶ 36.  However, Fox's insistence on awarding only the female Sales Representative resulted in a compromise where both the male and female Sales Representatives were honored with the Rookie Achievement Award.  *Id.* at ¶ 37.

On January 20, 2023, Swanson filed a Complaint in this Court, alleging age discrimination, gender discrimination, and two counts of retaliation, in violation of the ADEA

and Title VII.  *See* Compl., ECF No. 1.  On March 24, 2023, Salvin Dental filed a Motion to

Dismiss the claims of gender discrimination and related retaliation.  *See* Mot., ECF No. 6.  In an

Opinion and Order dated April 26, 2023, that motion was granted and denied in part, and the

Court dismissed Swanson's gender discrimination claim without prejudice.  *See* Op., ECF No.

10; Order, ECF No. 11.  Thereafter, Swanson filed an Amended Complaint including more

factual allegations related to gender discrimination and adding a count alleging violations of the

PHRA.  Am. Compl. ¶ 1.  Salvin Dental then filed this Motion to Dismiss for failure to state a

claim for reverse gender discrimination under Title VII and the PHRA.[1]  Mot., ECF No. 13.

### III.    STANDARD OF REVIEW – Review of Applicable Law

In rendering a decision on a Rule 12(b)(6) motion to dismiss, this Court must "accept all

factual allegations as true [and] construe the complaint in the light most favorable to the

plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v.

Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the

plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540,

555 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to

---

[1]     Because the Motion to Dismiss solely challenges the gender discrimination claims, the facts only pertaining to Swanson's age discrimination and retaliation claims are not discussed in this Opinion.

state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d

Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.    ANALYSIS**

Salvin Dental moves to dismiss Counts III and V of the Amended Complaint.  In Count

III, Swanson brings a gender discrimination claim under Title VII, alleging that his gender was a

motivating factor in Salvin Dental's decision to terminate his employment.  Am. Compl. ¶¶ 56-

61.  In Count V, Swanson brings a claim of gender discrimination under the PHRA.  *Id.* at ¶¶ 66-

72.  The analysis for both claims is the same.  *See Bond v. City of Bethlehem*, 505 Fed. Appx.

163, 165 (3d Cir. 2012) ("Because Pennsylvania courts have construed the protections of [Title

VII and PHRA] interchangeably, the analysis is identical.").

"Title VII prohibits employers from discriminating against individuals on the basis of

gender."  *Kahan v. Slippery Rock Univ. of Pa.*, 664 Fed. Appx. 170, 173 (3d Cir. 2016).  Where

direct evidence of discrimination is not available, a plaintiff may prove gender discrimination

using the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v.

Green*, 411 U.S. 792, 802-03 (1973).  Ordinarily, to establish a prima facie case using this

framework, a plaintiff-employee needs to demonstrate that "(1) he is a member of a protected

class; (2) he was qualified for a position sought or held; (3) he was discharged from or denied the

position; and (4) non-members of the protected class were treated more favorably."

*Chiaradonna v. Rosemont Coll.*, No. 06-cv-1015, 2008 U.S. Dist. LEXIS 7476, at *7 (E.D. Pa.

Jan. 31, 2008) (citing *McDonnell*, 411 U.S. at 802).

However, to address the first element in a "reverse discrimination" claim, "where a

plaintiff cannot demonstrate membership in a protected minority," the plaintiff must instead

"present[] sufficient evidence 'to allow a fact finder to conclude that the employer is treating

some people less favorably than others based upon a trait that is protected under Title VII.'"

*Bond*, 505 Fed. Appx. at 166 (quoting *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999)).

"Demonstrating only a mere possibility of discrimination will not suffice." *Hawthorne v.*

*Mercer Cnty. Children & Youth Servs.*, No. 05-1635, 2007 U.S. Dist. LEXIS 57150, at *29

(W.D. Pa. Aug. 6, 2007) (quoting *Bailey v. United Airlines*, No. 97-5223, 2002 U.S. Dist. LEXIS

11636, at *10 (E.D. Pa. July 27, 2002)).

Swanson is not required to prove the elements of a prima facie case at this stage; but, at

the very least, he must allege facts which raise a reasonable expectation that discovery will

reveal evidence of the necessary elements of his claims. *See Depelligrin v. A & L Motor Sales,*

*LLC*, No. 2:11-cv-01579, 2012 WL 3073182, at *3 (W.D. Pa. July 27, 2012) ("[A]t the motion to

dismiss stage, a plaintiff need not allege facts that satisfy the initial prong of *McDonnell*

*Douglas*, in other words, he need not demonstrate a prima facie case of illegal employment

discrimination." (citing *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506, 510-11 (2002))).  Now,

Swanson has done so.  Accepting the facts in a light most favorable to Swanson, Swanson has

sufficiently alleged facts that allow the Court to reasonably infer that Swanson was treated less

favorably based upon his gender.  Swanson was qualified for his position and his success was

recognized by management, meeting the requirements of the second *McDonnell Douglas*

element.  Am. Compl. ¶¶ 10-20.  Additionally, his termination was an adverse employment

action, satisfying the third element.  *See Williams v. United Parcel Serv., Inc.*, No. CIV.A. 12-

122, 2013 WL 808840, at *4 (W.D. Pa. Mar. 5, 2013) ("An 'adverse employment action,' has

been defined as 'a significant change in employment status, such as hiring, firing, failing to

promote, reassignment with significantly different responsibilities, or a decision causing a

significant change in benefits.'" (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998))).

As for the fourth element, favorable treatment of non-members, the fact that Swanson's replacement was a woman does not, on its own, support an inference of gender bias, as this Court addressed in its previous Opinion. *See* Op. at 6-7. However, Swanson's new allegations regarding his replacement's qualifications give rise to an inference of gender discrimination. For example, in *Depelligrin*, the plaintiff was qualified for his position with a record of only positive feedback and told that his termination was unrelated to any performance issues. 2012 WL 3073182, at *4. There, the plaintiff was replaced by a woman with no previous experience of the skills required, which plaintiff argued was evidenced in her brief tenure in the position before being fired. *Id.* The court held that the "factual allegations, when taken as true, certainly raise[d] at least a plausible inference that [defendant] removed [plaintiff] as the result of an impermissible, gender-based animus" and satisfied "the elements of a prima facie case of gender discrimination under Title VII." *Id.* Here, similarly, Swanson was qualified for his position with no past performance issues, and his replacement was a woman with no management experience, lower sales performance, and past performance issues. Am. Compl. ¶¶ 24-27. Moreover, unlike the plaintiff in *Bradley v. Aria Health*, who merely alleged that his replacement was "less qualified," Swanson provided specific factual statements regarding his replacement's qualifications, as previously mentioned. No. 10-5633, 2011 U.S. Dist. LEXIS 63386, at *6 (E.D. Pa. June 15, 2011) (rejecting that an inference of gender discrimination could be established by only alleging that defendant "hired a 'less qualified female'" to replace plaintiff). Additionally, Swanson's replacement was promoted over other higher sales-performing male employees. *Id.* at ¶ 28. Taking all of these facts as true, Swanson has sufficiently alleged that he was replaced

by a less-qualified employee outside his "protected class," giving rise to an inference of gender-based animus.

Further, Swanson has also created a reasonable expectation that discovery evidence will reveal that other non-members of his protected class were being treated more favorably. Plaintiffs in reverse discrimination cases do not need to rely on only direct evidence but rather can present "sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff 'less favorably than others because of [his] race, color, religion, sex or national origin.'" *Mosca v. Cole*, 384 F. Supp. 2d 757, 764 (D.N.J. 2005), *aff'd*, 217 F. App'x 158 (3d Cir. 2007) (quoting *Iadimarco*, 190 F.3d at 163). Here, not only was Swanson replaced in a manner that could give rise to an inference of gender animus, but he also alleges facts supporting that during the Rookie Achievement Award selection process, a female Sales Representative was treated more favorably by Salvin Dental management than a higher performing male Sales Representative. Am. Compl. ¶¶ 29-38. Therefore, Swanson has alleged twofold that facts surrounding his termination and the award selection process give rise to the inference of gender animus by Swanson Dental management team.

## V.      CONCLUSION

For the foregoing reasons, reading the Amended Complaint in the most favorable light to Swanson, the facts alleged state a plausible gender discrimination claim. Salvin Dental's Motion to Dismiss is denied and Swanson's claims may proceed as pleaded. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge